UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-22018-CIV-MARTINEZ

EXPRESS LOGISTICS, INC., *et al.*,

        Plaintiffs,

v.

RYDER TRUCK RENTAL, INC.,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiffs' Ex Parte Motion for Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Not Issue.  ECF No. 4.[1] Plaintiffs seek the entry of a preliminary injunction against Defendant Ryder Truck Rental, Inc. ("Ryder").  *See* ECF No. 4 at 4.  The undersigned held a hearing on Plaintiffs' motion on April 27, 2026.  After careful consideration of the parties' filings, the arguments and representations made at the hearing, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiffs' motion for preliminary injunction, ECF No. 4, be **DENIED**.[2]

---

[1] The Honorable Jose E. Martinez referred to the undersigned "the portion of Plaintiffs' Motion requesting the entry of a preliminary injunction," as the Court had already "ruled on Plaintiffs' request for the entry of a temporary restraining order."  ECF No. 19.

[2] At the hearing on Plaintiff's motion for preliminary injunction, Defendant raised the issue of the Court's subject matter jurisdiction.  Previously, on April 21, 2026, Defendant had filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 20, which remains pending and has not yet been fully briefed.  That Motion to Dismiss for Lack of Subject Matter Jurisdiction has not been referred to the undersigned and is not the subject of this Report and Recommendation. Nonetheless, because "federal courts have an ongoing duty to inquire into their exercise of subject matter jurisdiction whenever it may be lacking," *Simon v. Gov't of Haiti*, No. 20-24526-CIV, 2020 WL 13411950, at *1 (S.D. Fla. Nov. 4, 2020), the undersigned notes that the complaint in this case

To obtain a preliminary injunction, the party moving for the injunction must show that:

(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).  "Significantly, even if [a movant] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."  *Id.*; *see also Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (explaining that a showing of irreparable injury is "the *sine qua non* of injunctive relief").

At the April 27, 2026 hearing, Ryder, after its corporate representative consulted with counsel, stipulated on the record through counsel that Ryder will not, during the pendency of this action:

(a) declare Plaintiff Express Logistics, Inc. ("Express") in default based on the termination of the ACH Authorization Form or Express's remittance of payments by ACH credit;

(b) repossess the leased vehicles currently in the possession of Plaintiffs on the basis of any asserted default arising from the ACH Authorization Form termination or ACH credit payment method;

---

alleges that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states."  ECF No. 1 at ¶ 9; *see also id.* at ¶¶ 4-8 (alleging facts establishing diverse citizenship of parties), 56-58 (alleging that Plaintiffs would suffer losses in excess of $75,000 if the agreement whose default/termination is the subject of this action were terminated and/or the vehicles leased pursuant to that agreement were repossessed), 60-69 (alleging that more than $75,000 in Express's security deposits are being improperly withheld on the basis of the disputed default that is the subject of this action).  Thus, while this Report and Recommendation does not purport to resolve the merits of Defendant's arguments in its pending Motion to Dismiss for Lack of Subject Matter Jurisdiction, at this preliminary stage in the proceedings, it appears that the Court has subject matter jurisdiction based on Plaintiffs' allegations.

(c) suspend services under or terminate the Truck Lease and Service Agreement on the basis of any asserted default arising from the ACH Authorization Form termination or ACH credit payment method; or

(d) initiate ACH debit entries against Express's bank account.

Plaintiffs accepted this stipulation and agreed that, given Ryder's stipulation and the circumstances of this case, they will not suffer irreparable injury if a preliminary injunction is not issued.[3]   Indeed, Ryder has effectively agreed to the preliminary injunctive relief requested by Plaintiffs.  *See* ECF No. 4 at 22.  Because Plaintiffs face no irreparable harm in the absence of the requested preliminary injunction, it is "unnecessary to address the other prerequisites" to injunctive relief, *see United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983).  Under the circumstances present in this case, Plaintiffs are not entitled to a preliminary injunction.[4]

## CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiffs' Ex Parte Motion for Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Not Issue, ECF No. 4, be **DENIED**.

The undersigned further **RESPECTFULLY RECOMMENDS** that, in accordance with the parties' expressed interest at the April 27, 2026 hearing, this case be scheduled for an early mediation or referred to the undersigned for a settlement conference.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to **EXPEDITE** the period to serve and file written objections to this Report and Recommendation, if any, with the

---

[3] The undersigned notes that Ryder's stipulation tracks and effectively extends the relief that the Court previously granted in the temporary restraining order that was entered in this case.  *See* ECF No. 5 at 5.

[4] Because no preliminary injunction is warranted or needed in this case, the parties further agree that the $10,000 bond that was previously posted in this case, *see* ECF No. 10, is no longer required.

3

Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until** **April 30, 2026** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

  **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 27th day of April 2026.

                _____

                EDUARDO I. SANCHEZ
                UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
   Counsel of Record